JOSÉ A. AYBAR, Plaintiff and Appellant, *v.* NORBERTO JIMÉNEZ, Defendant and Appellee.

No. 8437. Argued June 25, 1942.—Decided July 21, 1942.

*E. Acosta Domenech, E. Acosta Calderón,* and *José López Baralt* for appellant. *Astacio & Toledo* for appellee. *Francisco González Fagundo* and *E. Martínez Rivera* as *amici curiae.*

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The lower court, in the opinion it rendered to sustain its judgment dismissing the complaint for unlawful detainer in

this case, stated that it felt compelled to do so in accordance with the decisions of this Supreme Court in the cases of *People* v. *Carrasquillo*, 58 P.R.R. 178 and *Palermo* v. *District Court*, 58 P.R.R. 191, and "for that reason only." However, our decisions in the cited cases are not applicable to the facts of the case at bar and, therefore, the conclusion arrived at by the lower court is clearly erroneous.

Those facts, as they are stated in said opinion, are the following:

"Dolores Aybar, Ana Gloria, and Nidia Monserrate Acosta were the owners of a lot seventeen meters wide and forty meters long at the Capetillo estate in Río Piedras. They leased a portion of that land, eight square meters, to defendant Norberto Jiménez, for a monthly rent of $2. The defendant built thereon a *shack* or *shanty* wherein he established a shoe-repair shop. On August 27, 1940, the lessors sold the lot to plaintiff José Angel Aybar. Since the lease was from month to month and no limit had been set, the plaintiff did not renew the contract and notified the defendant to vacate the lot. The defendant refused to do so unless compensated for the shack or shanty he had constructed thereon. Then this action for unlawful detainer at sufferance was filed. The defendant answered, alleging that in the lot he had leased he had constructed a shanty or shack, that he paid a monthly rental of $2, and that after the sale to the plaintiff had been completed the latter had ratified the lease agreement entered into by the defendant and the plaintiff's predecessor in interest and that in accordance with the plaintiff's instructions he had continued to pay the monthly rent to Mrs. Dolores Aybar and that there being in existence, therefore, a contract of lease for annual rent not exceeding $1,000, the district lacks jurisdiction to hear the controversy, the case lying within the jurisdiction of the municipal court. The case came to trial, the plaintiff and defendant being the sole witnesses. Their testimonies tended to sustain their respective contentions.

"The court gives credit to the plaintiff in so far as he holds that he did not renew the lease contract . . ." (Italics supplied.)

It appears from the transcript of the evidence that the judge below, on three different occasions, inquired of the

plaintiff and of the defendant the true nature of the defend-ant's shack or shanty. He asked the plaintiff:

"Judge. Q.—To whom does the shanty belong?

"A. It must be his, because it is made out of boxes.

"Q. But is there someone living in the shanty?

"A. Not exactly; he'd have to crouch in order to get in.

"Q. What does the shanty consist of?

"A. There's a window on the outside and a door to get in, fairly low and there he keeps the shoes he repairs.

"Q. Can a person standing erect fit in there?

"A. I wouldn't fit erect, and I'm not tall.

"Q. Does he sit in order to work there?

"A. He sits in order to work there." (Tr. of Ev. p. 5.)

"Q. Judge.—What is the shanty like?

"A. Made out of boxes, and there's a part of it fixed to the ground. It has no concrete, it's placed on boxes. I haven't noticed if it has any piles.

"Q. Can it be carried about easily?

"A. Yes, sir.

"Q. Isn't it attached to the land?

"A. No, sir." (Tr. of Ev., p. 7.)

And he asked the defendant the following:

"Judge.—That shanty, is it attached to the ground or below the house?

"A. A sort of four small piles.

"Q. So that you can carry away the shanty and lift it with the piles?

"A. Yes, sir." (Tr. of Ev., p. 12.)

The defendant had previously testified that he had bought the already old shanty for $4 and that he had invested two or three dollars in repairing it.

In accordance with this testimony it was established that the defendant's shack or shanty is an old structure, made out of wooden boxes, and so small and low that a person can not stand erect within it; that it is not attached to the ground and can easily be removed, without damage either to the estate or to the shanty.

■■ In the cases of *People* v. *Carrasquillo* and *Palermo* v. *District Court, supra,* what we decided, and now ratify, is that a dwelling house, a permanent structure, does not con- stitute a useful improvement or one for pleasure, and that when it is constructed in good faith, with the knowledge of the owner of the land who leased it for that purpose and in the absence of an agreement with the builder as to rights of either party in regard to the structure, unlawful detainer does not lie, for, as we said in the last of the two cases cited: "As they were constructions of a permanent nature, we can- not presume that the intention of the parties was that the owner of the land could by a simple notice giving thirty days, force the builder to destroy the building since an attempt to remove it would be equivalent to the destruction of it."

This doctrine, however, is not applicable to cases such as the one at bar wherein the thing built is not of a perma- nent nature. As we have previously adverted, the testimony showed that the defendant's shanty may be moved about, and that he acquired it for his own convenience or comfort in order to pursue his calling as a shoemaker, and that, al- though it is to be found on the lot, it is not permanently at- tached to the same.

Because of its nonpermanent character the situation is the same as if the defendant had on the lot a chair with an awning over it, or a tent, or any other personal property which might be removed without any damage whatsoever to the estate.

We shall not follow the lower court in its elaborate ef- forts to show that this court erred in its decision in the *Ca- rrasquillo* and *Palermo* cases *supra.* By utilizing a false premise you cannot arrive at a correct conclusion. And the false premise consists in unjustifiedly trying to apply to the particular facts of the case at bar the doctrine set forth in

said cases, which deal with structures of a permanent nature, such as a house, which by itself does not constitute a useful improvement or one for pleasure, and when these have been erected in good faith with the express or implied consent of the lessor, owner of the land. In the case at bar, the other necessary facts having been proven, the complaint for unlawful detainer should have been sustained.

If we do not accept the interpretation, cited by the lower court, which some legal writers and tribunals may have enunciated as to what constitutes a useful improvement or one for pleasure, in relation to the building of a house, that is because we prefer to follow the modern legal tendency of giving the law a liberal interpretation so as to accord full justice to the parties in an ordinary trial, wherein these matters which cannot be raised and settled in the summary action of unlawful detainer may be argued and passed upon.

Our decisions, in the *Carrasquillo* and *Palermo* cases, *supra,* as well as in those of *Rivera* v. *Santiago,* 56 P.R.R. 361 and *Carrasquillo* v. *Ripoll and Maldonado, Int.,* 56 P.R.R. 375, are founded on these principles and their holdings are only to the effect that it is not in the summary unlawful detainer action wherein a determination can and must be had of the amount which a defendant may be entitled to claim for structures of a permanent nature which he has erected with the consent of the owner of the land, unless there is an agreement between the parties as to their rights and that the complaint will be dismissed without prejudice to the defendant filing the ordinary suit which may be proper and wherein the rights of each party may be settled.

The judgment must be reversed and substituted by another sustaining the complaint, with costs but without including attorney's fees.

Mr. Justice Travieso did not participate herein.